UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Non-Metals, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-9161 |
| v. | ) | |
| | ) | Hon. Joan B. Gottschall |
| Hawkeye Gold, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

The defendant's motion to dismiss [6] is granted. This case is dismissed.

### STATEMENT

This action arises from a commercial agreement wherein the plaintiff, Non-Metals, Inc. ("Non-Metals"), contracted to purchase grain from the defendant, Hawkeye Gold, Inc. ("Hawkeye Gold"). Non-Metals now brings suit in this court for breach of that agreement. Hawkeye Gold, in turn, moves to dismiss for improper venue or, in the alternative, to compel arbitration and transfer venue to the United States District Court for the Southern District of Iowa. For the following reasons, the court grants the motion to dismiss for improper venue.

### I. Background

Non-Metals and Hawkeye Gold entered into a written agreement, entitled "Sales Contract," on July 22, 2014.[1] Pursuant to the contract, Non-Metals agreed to purchase

---

[1] Non-Metals attached a copy of the Sales Contract to its Complaint. "When ruling on a motion to dismiss for improper venue, the district court is not 'obligated to limit its consideration to the pleadings [or to] convert the motion to one for summary judgment' if the parties submit evidence outside the pleadings." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005)). The court thus may consider the contract and the other materials, including declarations, that the parties submitted in briefing Hawkeye Gold's motion to dismiss.

approximately 6000 metric tonne of grain at a rate of $327.62 per metric tonne. In exchange, Hawkeye Gold agreed to ship the grain to a port in Qingdao, China.

In addition to these basic terms, the two-page Sales Contract contained other terms and conditions, some of which are pertinent now. One is the clause, "Trade and Arbitration Rules to apply: National Grain and Feed Association," which appears in the middle of page one underneath "PAYMENT TERMS." Page two lists thirteen additional "Terms and Conditions." Term and Condition No. 12 provides:

> 12. CONSENT TO JURISDICTION. WAIVER OF JURY TRIAL. Each of the parties hereby irrevocably submits to the exclusive jurisdiction of any United States or Iowa District Court sitting in Des Moines, Iowa with respect to any action or proceeding arising out of or relating to this Confirmation, and each party hereby irrevocably agrees that all claims with respect to any such action or proceeding may be heard and determined in any such United States or Iowa District Court. Each of the parties irrevocably waives any objection, including, without limitation, any objection to the laying of venue or based on the grounds of forum non conveniens, which it may not now or hereafter have to the bringing of such action or proceeding in such respective jurisdictions. . . .[2]

(Sales Contract at 2.)

Shortly after executing the Sales Contract, a dispute arose between the parties related to the agreement. On September 4, 2014, Hawkeye Gold filed an "NGFA Arbitration Complaint Form" with the National Secretary of the NGFA asserting a claim against Non-Metals under the Sales Contract. Hawkeye Gold alleged that Non-Metals had refused Hawkeye Gold's grain shipments and failed to pay invoices pursuant to the Sales Contract. According to a declaration from Charles M. Delacruz, the Vice President, General Counsel and Secretary of the NGFA, the NGFA "recognizes Hawkeye Gold's standing and its commencement of arbitration proceedings against Non-Metals as

---

[2] The "Confirmation" refers to the buyer's "confirmation that the terms set forth" in the Sales Contract "are accurate." *See* Sales Contract at 1. This language appears directly above the buyer's signature line, which a Non-Metals representative signed on July 22, 2014. (*See* Compl. ¶ 6.)

proper under NGFA rules as of no later than September 17, 2014." (*See* Charles M. Delacruz Decl. ¶ 4.)

On September 17, 2014 and October 10, 2014, Hawkeye Gold delivered notice of its arbitration demand to Non-Metals via certified mail. (*See* Marsha Webster Aff. ¶ 6.) Hawkeye Gold avers that it has not received notice from the NGFA that Non-Metals has responded to Hawkeye Gold's arbitration complaint.

Instead, it appears that Non-Metals opted to file suit in this court on November 14, 2014. (*See* ECF No. 1.) Non-Metals alleges that Hawkeye Gold breached the parties' Sales Contract by (a) failing to ship the 6000 metric tonne of goods per the terms of the agreement, (b) failing to provide a Phytosanitary Certificate certifying that the goods complied with United States Department of Agriculture export standards, and (c) failing to provide other certifications and test reports that the Chinese import authorities require.

## II. Discussion

"A court may dismiss for improper venue based on either a forum-selection clause *or* an arbitration provision; both are properly asserted as objections to venue." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 804, 806 (7th Cir. 2011) ("[A] Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district."); *see also Goldstein v. Pas-Coy, LLC*, No. 14-cv-1397, 2014 U.S. Dist. LEXIS 154730, at *4-5 (N.D. Ill. Oct. 31, 2014) (denying motion to compel arbitration in Illinois because the parties had agreed to arbitrate in Tennessee and informing the defendant that if it "wish[ed] to" enforce the

3

arbitration agreement, "the proper procedure is to bring a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)") (citing *Faulkenberg*, 637 F.3d at 806).

Hawkeye Gold moves to dismiss for improper venue pursuant to both the forum selection clause and the incorporation of the NGFA Arbitration Rules in the Sales Contract. The court focuses on the forum selection clause. It provides, in pertinent part:

> Each of the parties hereby irrevocably submits to the exclusive jurisdiction of any United States or Iowa District Court sitting in Des Moines, Iowa with respect to any action or proceeding arising out of or relating to this Confirmation, and each party hereby irrevocably agrees that all claims with respect to any such action or proceeding may be heard and determined in any such United States or Iowa District Court.[3]

(Sales Contract at 2.)

Non-Metals opposes Hawkeye Gold's motion insofar as Hawkeye Gold seeks to compel arbitration. However, Non-Metals neither objects to Hawkeye Gold's motion to dismiss for improper venue nor disputes the validity or effect of the forum selection clause in the Sales Contract. In fact, Non-Metals appears to agree with Hawkeye Gold's position that the parties should be litigating this matter in Iowa. For instance, Non-Metals asserts in its response brief:

> Section 12 of the Terms and Conditions provides that the parties submit to the jurisdiction of the courts sitting in Des Moines, Iowa for any "action or proceeding" but makes no reference to submission to arbitration. This provision implies that the parties' agreement may be to litigate disputes in court in Iowa, not arbitrate, should one of the parties seek to enforce that agreement.

(Pl.'s Resp. at 2.) Non-Metals further comments that "Condition 12 provides that the parties submit to the jurisdiction of the federal or state court sitting in Des Moines, Iowa,

---

[3] A trial court in the Iowa state court system is referred to as a "District Court." *See* http://www.iowacourts.gov/About_the_Courts/District_Courts/ (showing that the Iowa state courts are comprised of eight judicial districts).

4

but an arbitration is not an action or proceeding in court." (*Id.* at 3.) Then, in its conclusion, Non-Metals adds that "if the Court agrees with Non-Metals that there is no effective agreement to arbitrate, the Court should then consider Hawkeye's motion to transfer the case to the Southern District of Iowa for purposes of litigation." Non-Metals thus makes clear in its opposition that (1) it seeks to litigate this case in court, not in arbitration, and (2) it has no objection to Hawkeye Gold's position that any litigation of this case must take place in the Iowa court system pursuant to the forum selection clause in the Sales Contract.

      The court is left questioning why Non-Metals filed suit in the Northern District of Illinois in the first place. Regardless, the bottom line is that the parties appear to agree, and the court concurs, that the forum selection clause directs the parties to file suit in the "United States or Iowa District Court sitting in Des Moines, Iowa," not in this court. This case is therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) on the basis of improper venue.[4]

                                ENTER:

                                /s/
                              JOAN B. GOTTSCHALL
                              United States District Judge

DATED:   June 18, 2015

---

[4] As the parties have agreed to "submit[ ] to the exclusive jurisdiction of the Iowa federal and state courts "sitting in Des Moines, Iowa," this court refrains from addressing the enforceability and scope of the language, "Trade and Arbitration rules to apply: National Grain and Feed Association," which Hawkeye Gold contends mandates compulsory arbitration before the NGFA.